**FILED**
**Sep 18, 2019**
**10:09 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| ISRAEL LARA, | ) Docket No. 2016-02-0501 |
| Employee, | ) |
| v. | ) |
| PROGRESS RAIL SERVICES, | ) State File No. 94197-2015 |
| CORP., | ) |
| Employer, | ) |
| And | ) Judge Brian K. Addington |
| LIBERTY MUTUAL, | ) |
| Carrier. | ) |

---

## COMPENSATION HEARING ORDER
## GRANTING SUMMARY JUDGMENT

---

This case came before the Court on September 16, 2019, upon the Motion for Summary Judgment filed by Progress Rail Services. Progress asserted as undisputed fact that Mr. Lara did not suffer an injury that would entitle him to medical, temporary, or permanent benefits. For the reasons below, the Court finds Progress is entitled to summary judgment.

### Claim History

Mr. Lara alleged a back injury in November 2015. He underwent authorized treatment with an urgent-care provider, a pain specialist, and Dr. James Brasfield, a neurosurgeon. He missed five days of work due to an excuse from the urgent-care provider. Dr. Brasfield ran numerous tests and found Mr. Lara suffered degenerative, chronic conditions. He placed Mr. Lara at maximum medical improvement on March 16, 2018, despite Mr. Lara's continued pain complaints and found he suffered no permanent impairment.

Because of those complaints, Progress supplied a second-opinion with Dr. Travis Burt, who agreed with Dr. Brasfield that Mr. Lara suffered no permanent impairment. He

also found that Mr. Lara's current need for treatment was not related to the November 2015 incident.

## Procedural History

Mr. Lara requested an expedited hearing after Progress refused to provide additional benefits. Following the hearing, the Court found that Mr. Lara was not likely to succeed at a hearing on the merits in proving the need for further medical treatment because no physician stated his current complaints were related to the alleged injury. The Court also found he was not likely to succeed in proving entitlement to temporary total disability benefits because he only missed five days of work.

Mr. Lara appealed the Court's decision to the Tennessee Workers' Compensation Appeals Board, which affirmed the Court's decision on July 18, 2019. On August 9, 2019, Progress filed its motion.

In support of its motion, Progress filed a Statement of Undisputed Material Facts showing: Mr. Lara only missed five days of work; he was at maximum medical improvement; he had a zero-percent impairment rating; and Dr. Travis Burt determined that his current complaints were not related to his November 2015 injury. Mr. Lara did not respond. Thus, these facts are deemed undisputed under Tennessee Rule of Civil Procedure 56.03.

At the motion hearing, Mr. Lara asserted that he still suffers daily pain and should be allowed to see a physician that neither he nor the employer would pay to determine the extent of his injury. Progress argued that the undisputed facts show it is entitled to summary judgment.

## Analysis

Concerning the benefits in question, an employer is required to provide medical treatment made reasonably necessary to an accident of work. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2018). An employee is entitled to temporary total disability benefits if a work injury causes disability lasting more than seven days. Tenn. Code Ann. § 50-6-206(a)(1). An employee is entitled to permanent partial disability benefits if he is permanently, partially disabled as a result of a work injury. Tenn. Code Ann. § 50-6-207(3)(a).

Progress is entitled to summary judgment as a matter of law on the issues of medical, temporary, and permanent benefits if the record before the Court establishes there are no genuine issues as to material facts. *See* Tenn. Code Ann. § 20-16-101, et seq.; *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

2

Here, the undisputed facts establish that: Mr. Lara's current need for treatment is not related to his alleged November 2015 injury; he missed only five days of work; and he is at maximum medical improvement and received a zero-percent impairment rating. While the Court is sympathetic to Mr. Lara's continued complaints, they are insufficient to defend against Progress's motion, as he presented no medical opinion to rebut the physicians' opinions contained in the record.

Having carefully reviewed and considered the evidence in the light most favorable to Mr. Lara, the Court finds Progress has demonstrated that Mr. Lara's evidence is insufficient to establish a genuine issue of material fact as to the entitlement of medical, temporary, or permanent benefits.

IT IS, THEREFORE, ORDERED that:

1. Progress's Motion for Summary Judgment is granted, and Mr. Lara's claim is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Progress under Tennessee Compilation Rules and Regulations 0800-02-21-.06 for which execution may issue as necessary.

3. Progress shall prepare and submit the SD2 to the Court Clerk within ten days of the date of judgment.

4. Absent an appeal, this order shall become final in thirty days.

**ENTERED September 18, 2019.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on September 18, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Israel Lara, Employee | X | | X | napomusono08@hotmail.com |
| Eric Shen, Employer's Attorney | | | X | eric.shen@libertymutual.com shelby.hale@libertymutual.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**Employee**

v.

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

**Appellee(s)**
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

**CERTIFICATE OF SERVICE**

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries         $ _____ per month     Telephone        $ _____ per month

Electricity       $ _____ per month     School Supplies $ _____ per month

Water             $ _____ per month     Clothing         $ _____ per month

Gas               $ _____ per month     Child Care       $ _____ per month

Transportation  $ _____ per month     Child Support   $ _____ per month

Car               $_____ per month

Other             $ _____  per month (describe: _____)

10. Assets:

Automobile              $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____     (FMV) _____

Other                   $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                        RDA 11082